1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*E-FILED - 8/2/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRANCISCO MERINO,                )        No. C 10-1674 RMW (PR)
                                 )
            Plaintiff,           )        ORDER OF DISMISSAL
                                 )
    v.                           )
                                 )
REDWOOD CITY - MAGUIRE COUNTY    )
JAIL, et al.,                    )
                                 )
            Defendants.          )
_____)

        Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.
Plaintiff has been granted leave to proceed in forma pauperis in a separate written order.  The
court will DISMISS the instant complaint for failure to state a cognizable claim under § 1983.

                              **DISCUSSION**

A.      Standard of Review

        Federal courts must engage in a preliminary screening of cases in which prisoners
seek redress from a governmental entity or officer or employee of a governmental entity.  28
U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any
claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or
seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).
Pro se pleadings must, however, be liberally construed.  Balistreri v. Pacifica Police Dep't, 901

1  F.2d 696, 699 (9th Cir. 1988).

2      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

3  elements:  (1) that a right secured by the Constitution or laws of the United States was violated,

4  and (2) that the alleged deprivation was committed by a person acting under the color of state

5  law.  West v. Atkins, 487 U.S. 42, 48 (1988).

6  B.    Plaintiff's Claims

7      Plaintiff claims that since 2008, due to the negligence of jail guards, plaintiff's personal

8  property has been taken from his cell during cell extractions and other types of confrontations

9  and the guards throw away his belongings.  (Complaint at 3.)

10     Plaintiff is urged to bear in mind that to state a claim under 42 U.S.C. § 1983, he must

11  allege two elements:  (1) that a right secured by the Constitution or laws of the United States was

12  violated, and (2) that the violation was committed by a person acting under the color of state law.

13  See West v. Atkins, 487 U.S. 42, 48 (1988).  In order for a complaint to state a claim arising

14  under federal law, it must be clear from the face of plaintiff's well-pleaded complaint that there

15  is a federal question.  See Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir.

16  1997).

17     Here, the court finds that plaintiff's claim of the loss of his personal property is not

18  cognizable under section 1983.  Ordinarily, due process of law requires notice and an

19  opportunity for some kind of hearing prior to the deprivation of a significant property interest.

20  See Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19 (1978).  Neither the negligent nor

21  intentional deprivation of property states a due process claim under § 1983 if the deprivation was

22  random and unauthorized, however.  See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981),

23  overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v.

24  Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).  The availability

25  of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it

26  provides sufficient procedural due process.  See Zinermon v. Burch, 494 U.S. 113, 128 (1990)

27  (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation

28  statutory provision for post-deprivation hearing or common law tort remedy for erroneous

1    deprivation satisfies due process).  California law provides such an adequate post-deprivation

2    remedy.  See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§

3    810-895).

4           Although the court generally grants leave to amend after an initial screening of a

5    complaint under 28 U.S.C. 1915A, the court concludes that here, leave would serve no purpose

6    as a viable civil rights claim cannot be made concerning plaintiff's allegations concerning the

7    loss of his personal property.  Plaintiff has an adequate state remedy for the random and

8    unauthorized loss of his personal property.

9           Accordingly, the instant complaint is DISMISSED for failure to state a cognizable claim

10   under § 1983.

11                                    **CONCLUSION**

12          The instant complaint is DISMISSED for failure to state a cognizable claim under §

13   1983.  The clerk shall close the file.

14          IT IS SO ORDERED.

15   DATED:  _____7/30/10_____

                                                    *Ronald M. Whyte*

16                                                  RONALD M. WHYTE
                                                    United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28